Argued at Pendleton, November 1, affirmed November 22, costs
retaxed December 13, 1927.

# MARY HARTLEY *v.* STATE INDUSTRIAL
# ACCIDENT COMMISSION.

### (261 Pac. 71.)

**Master and Servant—Supreme Court may not Review Question of
Fact in Compensation Proceeding.**

1. Under Constitution, Supreme Court is not permitted to review
question of fact in compensation proceedings on issue of what was
proximate cause of death of employee.

**Evidence—Testimony of Lay Witness, Who was Fellow-workman,
That After Injury Deceased "Got Worse" Held Admissible.**

2. In proceedings under Workmen's Compensation Act (Or. L.,
§ 6605 et seq.), where defense was that workman's death was not
the proximate cause of accident, testimony of lay witness, who was
fellow-workman and who visited deceased in hospital, that deceased
"got worse" after injury *held* admissible, especially where testimony
was undisputed.

**Evidence—Nonexpert Witnesses may Testify Whether Certain Per-
son's Health and Physical Condition has Changed Since Happen-
ing of Accident.**

3. Nonexpert witnesses may testify as to apparent health and
physical condition of person, and whether there has been any
change in that respect since happening of accident.

**Evidence—Deceased's Statement Made Several Hours After Acci-
dent That He had Been Knocked Off Truck Held not Res
Gestae.**

4. In proceedings for workman's death under Workmen's Com-
pensation Act (Or. L., § 6605 et seq.), deceased's statement, made
several hours after accident and after traveling three or four
miles to hotel, that he had been knocked off truck *held* hearsay and
self-serving and not properly admissible as part of *res gestae*.

**Master and Servant—Court is not Concerned Over Technical Error
in Workmen's Compensation Case.**

5. In administration of Workmen's Compensation Act · (Or. L.,
§ 6605 et seq.), court is not greatly concerned over technical error.

**Master and Servant—Hearsay Testimony in Workmen's Compensa-
tion Case as to Nature of Deceased's Injury, Though Error,
Held not Prejudicial (Workmen's Compensation Act).**

6. Where in proceedings under Workmen's Compensation Act
(Or. L., § 6605 et seq.), injury was not disputed and vital issue

---

1. See 28 R. C. L., Workmen's Compensation, § 116.
3. See 11 R. C. L., Expert and Opinion Evidence, § 31.
4. See 10 R. C. L., Evidence, § 161.

was question whether injury proximately caused death, error in admitting hearsay testimony as to statement of deceased regarding nature of injury, which testimony was cumulative of other evidence, *held* not prejudicial.

Evidence, 22 C. J., p. 220, n. 26, p. 230, n. 67, 74, p. 467, n. 6, p. 619, n. 47, 48, p. 620, n. 49, 53, 55.
Workmen's Compensation Acts, C. J., p. 126, n. 75 New.

From Malheur: DALTON BIGGS, Judge.

In Banc.

AFFIRMED.

For appellant there was a brief over the name of *Mr. I. H. Van Winkle,* Attorney General, with an oral argument by *Mr. Miles H. McKey,* Assistant Attorney General.

For respondent there was a brief over the name of *Mr. Bruce R. Kester,* with an oral argument by *Mr. R. J. Kitchen.*

BELT, J.—Plaintiff, the mother of five minor children, made application to the State Industrial Accident Commission for compensation on account of the death of her husband, alleged to have been caused by an accident arising out of and in the course of his employment. The Commission rejected the claim on the theory that the death of plaintiff's husband was not the result of an accident but that it was caused by pneumonia. From an order rejecting the claim, plaintiff appealed to the Circuit Court. The cause was submitted to a jury and a verdict returned in favor of the plaintiff. Hence this appeal.

1. Under the stipulation of facts the only issue before the trial court was: What was the proximate cause of the death of Hartley? There is much evidence supporting the contention of the Accident Com-

mission, but it is conceded that there is also evidence tending to show that the death might reasonably have occurred as a proximate result of the accident. Under the Constitution of this state we are not permitted to review this question of fact.

2, 3. Defendant asks that the judgment of the lower court be reversed because it permitted Willis Lane, a lay witness who had visited Hartley while in the hospital, in response to the question, "Did Hartley get worse or better after said injury?" to answer, "He got worse." Lane was well acquainted with Hartley and was working with him at the time of the alleged accident. We think this evidence is within the exception to the general rule that lay witnesses are not permitted to express conclusions, but must state facts. It is well settled that a nonexpert witness should be permitted to testify as to the apparent health and physical condition of a person and as to whether there had been any change in that respect since the happening of an accident: *Crosby* v. *Portland Ry. Co.,* 53 Or. 496 (100 Pac. 300, 101 Pac. 204). The reason for the exception to the general rule is well stated in *White* v. *East Side Mill Co.,* 84 Or. 224 (161 Pac. 969, 164 Pac. 736). Relative to this phase of the case also see: Jones on Evidence (2 ed.), § 1251, and Wigmore on Evidence (2 ed.), § 568. The fact that Hartley died within two weeks after Lane saw him would indicate that he was reasonably accurate in his observations. It is certain that this answer did not influence the jury. Indeed, it is undisputed that Hartley rapidly became worse after his removal to the hospital and up to the time of his death. The question at issue was the proximate cause of his death.

4–6. About 7 o'clock in the evening, after Hartley's alleged injury, he returned to his hotel which was about 3½ miles from the place of the accident. Mrs. Mayer, who operated the hotel, was asked:

"You may state what you heard and saw when the reported injury took place."

and was permitted to answer, over objection:

"Well that evening that he was injured and came in late and I, myself, and several others were in the office at the time. 'Well,' we says, 'Hartley, what is the trouble? You are late. What was the cause?' * * and he says, 'Well, it is a wonder I wasn't killed,' and went on to state he was knocked off the truck."

It was error to admit this testimony. It was not a part of the *res gestae: Fredenthal* v. *Brown*, 52 Or. 33 (95 Pac. 1114). This statement by Hartley was made several hours after the accident and after he had traveled three or four miles to his hotel. It was not a spontaneous expression closely related to the transaction. It was clearly hearsay testimony and self-serving in nature. However, should this error cause a reversal? In the administration of the Workmen's Compensation Act we should not be greatly concerned over technical error. The statement of Hartley did not go directly to the vital issue of proximate cause. It was practically conceded by defendant that some sort of minor injury had been sustained as claimed by plaintiff. Hartley did not state the extent of his injury nor its effect upon him. The statement was also cumulative evidence, as the manner in which the accident happened was testified to by Lane, the only witness to it. If this case should be remanded it is doubtful whether a different

result would occur if this objectionable evidence were eliminated. In view of the fact that this testimony has little relevancy to the question of proximate cause, we think the judgment of the lower court should be affirmed, notwithstanding such error, and it is so ordered.                                    AFFIRMED.