Argued at Pendleton, November 3, reversed November 15, costs
taxed December 13, 1927.

# STATE EX REL. J. S. INNES v. J. H. HANER.

### (261 Pac. 81.)

**Counties—Commissioner Exercising Power to Inspect Roads and
Bridges must be Designated by County Court to Recover Per
Diem Therefor (Gen. Laws 1925, p. 235; Gen. Laws 1923, p. 240;
Or. L., § 4537).**

1. Since, under General Laws of 1923, page 240, General Laws
of 1925, page 235, and Section 4537, Or. L., the County Court is
judge as to whether it is proper to inspect roads and bridges and
is authorized to designate one of the members of the board for
that purpose, the commissioner who exercises such power, to be
entitled to *per diem* therefor, must be designated by the court.

**Counties—In Absence of Designation of Commissioner to Inspect
Roads and Bridges or Ratification of Designation, Commissioner
cannot be Compensated.**

2. In absence of pleading or proof of designation of a commis-
sioner to inspect roads and bridges or ratification of such designa-
tion by the County Court, commissioner inspecting roads and
bridges of the county cannot assert right to be compensated there-
for.

**Counties—County Commissioner, not Authorized to Exercise Over-
sight Over Elections, Held not Entitled to Mileage While Travel-
ing on Election Matters.**

3. There being no law requiring county commissioner to exercise
oversight over elections in precincts in county, he is not entitled
to allowance for mileage alleged to have been traveled on election
matters.

**Mandamus—Writ of Mandamus Should State Every Fact Necessary
to Entitle Relator to Relief.**

4. Writs of *mandamus* are not favorites of law, and should state
every fact to entitle relator to relief demanded.

**Counties—County Court is Unauthorized to Allow Claim of County
Commissioner Which was not Itemized or Filed With Clerk
(Gen. Laws 1925, p. 235).**

5. Where claim of county commissioner for services performed
in inspecting roads and elections was not itemized or filed with the
clerk as required by General Laws of 1925, page 235, but was merely
presented to the County Court, County Court was without authority
to allow it.

---

4. See 18 **R. C. L.**, Mandamus, § 295.

Counties—County Clerk Could Disregard Order to Pay Claim of
   Commissioner for Services and Mileage, Where Claim was not
   Itemized nor Filed With Clerk (Gen. Laws 1925, p. 235).

   6. General Laws of 1925, page 235, providing that county com-
missioners claiming pay as such on *per diem* or mileage basis shall
prepare itemized sworn statement, should be strictly enforced, and
places duty as well as prohibition on county clerk to disregard
order of county commissioners to pay claim of commissioners void
because claim was not itemized nor filed with clerk.

Counties—County Clerk may Refuse to Draw Warrant for Ap-
   parently Void Claim, but Refusal is at His Peril if Claim
   Finally be Held Valid.

   7. A county clerk may refuse to draw warrant for what appears
to be void claim, but his refusal is at his peril in costs or damages
is claim should finally be held valid.

---

Counties, 15 C. J., p. 496, n. 11, p. 498, n. 33, p. 506, n. 87, 91,
p. 587, n. 18.
   Highways, 29 C. J., p. 596, n. 95.
   Mandamus, 38 C. J., p. 549, n. 97, p. 766, n. 12, p. 767, n. 27,
p. 769, n. 55, 56, p. 869, n. 31, 38, p. 873, n. 66, 67, 70.

From Deschutes: O. M. CORKINS, Judge.

In Banc.

This is a proceeding in *mandamus*. The relator,
J. S. Innes, is a county commissioner for Deschutes
County, and the defendant is the county clerk of that
county.

The writ, after reciting the respective official posi-
tions of both relator and defendant, recites the fol-
lowing:

"That on July 6, 1927, relator presented to the
county court of said Deschutes County a duly item-
ized and verified claim covering services rendered
and mileage necessarily traveled in the performance
of his duties as such county commissioner of Des-
chutes County, Oregon, for the month of June, 1927,
in the sum of $137.80.

"That on said date the said county court of Des-
chutes County, Oregon, in regular session assembled
and with all members thereof present, duly audited

and approved said claim of relator in the full sum of $137.80 and ordered a warrant drawn on the general fund of said county in favor of relator in payment thereof.

"That defendant in total disregard of his duty as county clerk of said Deschutes County, Oregon, has failed, neglected and refused and does still neglect and refuse to issue a warrant in favor of relator in payment of said claim as directed by said county court as afore alleged."

Defendant answered substantially denying all the allegations of the writ, except the official positions of himself and defendant, and for a separate answer and return to the writ admitted that the purported order, allowing relator's claim, was made by the County Court, sitting for the transaction of county business, for the full amount of the alleged claim, a copy of which claim was annexed to the answer marked Exhibit "A." Said exhibit is as follows:

"Itemized Statement of County Commissioner.
"State of Oregon,
County of Deschutes,—ss.

"I, J. S. Innes, do hereby certify that the following is an itemized statement of services performed by me as County Commissioner for Deschutes County, Oregon, during the month of June, 1927, showing the date of the month on which such services were performed and the nature thereof, the miles actually traveled by me and the names or places where such services were performd, to-wit:

| Dated | | Miles | Amount (per day) |
|---|---|---|---|
| 6–10 | Inspecting Hunnell Road with Sedgwick and R. B. Gould.... | | 5 |
| 6–12 | To LaPine and return on elections | 66 | 5 |
| 6–14 | To Shevlin Hixon camps and return on elections............ | 36 | 5 |

| Dated | | Miles | Amount (per day) |
|---|---|---|---|
| 6–16 | To Brook Scanlon Camps and return on elections............ | 40 | 5 |
| 6–21 | Inspecting Paulina Prairie and Little River Bridge together with Sedgwick total distance from Bend and return........ | 44 | 5 |
| 6–23 | Inspecting Metolius Market Road together with Sedgwick, total distance from Bend and return ...... ............ | 64 | 5 |
| 6–24 | Inspecting broken culvert and road washout on Deschutes Market road, from Bend and return (together with Sedgwick) ...................... | 40 | 5 |
| 6–29 | Inspecting Deschutes Market road going to see Mr. Compton out of Redmond regarding repair of said culvert......... | 40 | 5 |
| 6–30 | Inspecting Bear Creek Road bridge which was reported broken from Bend and return. | 16 | 5 |
| | Attendance at regular and postponed meeting of County Court during June 1, 2, 4, 6, 11, 18, 20, 27, 28 and 30 at $5 per day | | 50 |
| | Attendance in courthouse on elections, 7 and 15 at $5 per day ...................... ....... | | 10 |
| | Total mileage .................. | 328 | 32.80 |
| | Total amount due............... | | 137.80 |

"Subscribed and sworn to before me this 6th day of July, 1927.

"(Notarial Seal)          FLORENCE SWANSON,

"Notary Public for Oregon.

"My commission expires January 8, 1928."

The answer continues as follows:

"That said pretended order of said county court in attempting to approve said pretended claim and in attempting to order this defendant to issue a warrant therefor as aforesaid was and is void and of no effect for the following reasons, to-wit:

"That said pretended claim was never itemized and sworn to and filed with the county clerk of Deschutes County, Oregon, as provided by Chapter 159, General Laws of Oregon for 1925, or at all, that said pretended claim includes only one item properly chargeable to said county by said J. S. Innes as county commissioner, to-wit: the item entitled 'attendance at regular and postponed meeting of county court during June 1, 2, 4, 6, 11, 18, 20, 27, 28 and 30, at $5 per day, $50.00'; that all other items listed in said pretended claim are illegal and unjust and not proper charges against said county, and the said J. S. Innes, as county commissioner, is not entitled to compensation therefor under the provisions of Chapter 167, General Laws of Oregon for 1923; that the remainder of said items and each of them were and are illegal and unjust in the following particulars, to-wit: that the said J. S. Innes, county commissioner, is not authorized to do or perform any act or thing in connection with any election held within said county, and said statement includes the sum of $39.20 as *per diem* and mileage in connection with elections and any duties in connection therewith devolve upon the sheriff of Deschutes County, Oregon; that under the terms and provisions of Chapter 167, General Laws of Oregon for 1923, the said J. S. Innes, as county commissioner, is entitled to no compensation either *per diem,* or mileage for alleged services in inspecting county or market roads of said county, and there is included in said statement the sum of $78.80 for alleged services in inspecting said market or county roads of said county; that under the provisions of said Chapter 167, General Laws of Oregon for 1923, a county commissioner of Deschutes County, Oregon,

is entitled to no mileage or *per diem* except in attending court and return therefrom.''

It is alleged as a conclusion from the foregoing that the defendant should not be required to draw a warrant pursuant to said order. There was a general demurrer to the answer, which demurrer was sustained and a peremptory *mandamus* ordering defendant to draw a warrant for the claim, as allowed by the County Court, from which order he appeals to this court.        REVERSED.

For appellant there was a brief over the names of *Mr. N. G. Wallace* and *Mr. Donald M. Graham,* with an oral argument by *Mr. Wallace.*

For respondent there was a brief and oral argument by *Mr. Ross Farnham.*

McBRIDE, J.—1. In principle, this cause is in many respects similar to the case of *Gosso* v. *Riddell,* decided November 15, 1927, but there is a difference in the form in which the action is brought, and a slight difference between the statutes relating to compensation of county commissioners of Deschutes County and those relating to the same officers in Polk County requires additional discussion. For instance, no provision whatever is made for mileage of county commissioners of Polk County, while in the act providing for compensation of officers of Deschutes County, we find the following provision:

''County commissioners shall receive $5 per day for the time they are actually employed in the performance of their official duties, and shall receive 10 cents per mile for each mile actually traveled in the performance of their duties in attending county court and returning therefrom.''

2. There are other differences in the two statutes which need not be enumerated. The County Court is the judge as to whether it is proper to inspect roads and bridges in order to inform itself of their condition, and as to whether contracts for building or repair are necessary, and to do any other act necessary in that respect to secure information as to conditions involving or requiring the expenditure of county funds. The safety of the public traveling over the public highways requires such reasonable attention. This, the members of that board may do in a body or employ some person to do, or designate one of their own members to do, and, in so doing in good faith, such member is transacting county business and is entitled to $5 per day: *Gosso* v. *Riddell* (not yet reported), 261 Pac. 71, and Section 4537, Or. L. But the commissioner who exercises such power must be "designated" by the court. Such power, as in *Gosso* v. *Riddell, supra,* may be by a general designation confined to a particular part of the county, or by a special designation having in view the inspection of a particular road or bridge. In the case last alluded to, it appeared by the answer that it was orally agreed by the court that one commissioner was to inspect work *et cetera* in the northern end of the county and the other commissioner was to perform a like service in the southern end, and that in pursuance of such oral designation, each had in good faith performed the part assigned to him. In that case we held substantially that the allowance of his claim for compensation at the rate of $5 per day amounted to a ratification of an agreement not theretofore put upon record, and this holding is quite as far as we feel the court had authority to go. In the absence of any pleading or proof of either such designation of record, or ratification of such designation, which in

fact was not of record, the relator cannot assert a right to be compensated.

3. There is no law requiring that a county commissioner shall exercise any oversight over elections in the various precincts and in the absence of any reply or pleading, showing a legal exigency requiring such service, an allowance therefor is *prima facie* void. The relator was entitled to mileage in going from and returning to the county seat and his place of residence and no more, and any allowance beyond that was absolutely void. In this holding we make no reflection upon the good faith of the relator or of the County Court. The statute regarding the compensation of county commissioners differs in some respects in nearly every county, and the general statute upon the powers and duties of county commissioners is somewhat obscure. So this claim and the allowance of it may have been, and probably was made in entire good faith. The remarks here made are not in the spirit of censure, but are intended as a guide to officers hereafter.

4–6. Aside from what we have here said, there is a controlling reason why the clerk should not have drawn this warrant. Chapter 159, General Laws of 1925, is as follows:

"Section 1. That each county commissioner, where his claim for pay as such commissioner is based upon a *per diem* and/or mileage basis, shall prepare and file with the county clerk of his respective county an itemized sworn statement setting forth the day and date of the month on which his services for the county were performed, the nature of such services, and if by law he is allowed mileage in the performance of such services, he shall set forth in such claim the number of miles actually traveled by him in going to and returning from the place or places where

such services were performed, and shall designate the name or names of such places as accurately as he can.

"Section 2. That no claim of a county commissioner for pay, for his services as such, shall be audited and paid by a county clerk, unless such claim shall conform to the provisions of section 1 of this act."

7. Writs of *mandamus* are not favorites of the law and should state every fact necessary to entitle the relator to the relief demanded. It does not appear in the writ, or even in the petition, that this claim was ever itemized or filed with the clerk, but merely that it was "presented" to the County Court. This is not enough. The County Court had no authority to allow a claim not filed with the clerk. We have a right to infer from the record that it was exhibited to the court and allowed without any opportunity for anyone to know of its existence. The statute is a wise one and should be strictly enforced, and as it placed a duty as well as a prohibition upon the clerk, he had a right to disregard an order that was entirely void. Impliedly, it authorized him to audit the claim, but his audit would be merely advisory and not binding on the court. We further hold that he may refuse to draw a warrant for what appears to be an utterly void claim; but such refusal is at his peril in costs or damages if the claim should finally be held valid.

The judgment of the Circuit Court is reversed and the writ dismissed, but without prejudice to the relator's right to file and present to the County Court a claim for that part of his services which are valid in the light of this opinion.

REVERSED AND WRIT DISMISSED.