STATE, EX REL. WILLIAM M. MALTMAN, APPELLEE, V. ADAMS COUNTY, APPELLEE: M. FRED RUHTER, APPELLANT.

FILED MAY 29, 1930. No. 27218.

*Charles E. Bruckman,* for appellant.

*Stiner & Boslaugh* and *Edmund Nuss, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON and DAY, JJ., and LIGHTNER, District Judge.

LIGHTNER, District Judge.

This case originated as a claim for $138.90 filed by M. Fred Ruhter before the county board of Adams county. The county board allowed the claim, but on appeal by a taxpayer to the district court it was disallowed, and the claimant has appealed to this court.

It appears from the statement of the case by appellant's counsel, which counsel for appellee agrees is correct, that Adams county, Nebraska, is under township organization and is divided into seven supervisor districts, Nos. 1, 2, 3,

and 4 in the country, and Nos. 5, 6, and 7 in the city of Hastings; that for a number of years last past Adams county has been divided into highway or road improvement districts, and for such purposes supervisor districts Nos. 1, 2, 3, and 4, being the supervisor districts outside of the city of Hastings, have been adopted, and that each of the supervisor districts is equipped with machinery necessary and in use for the purpose of repairing, maintaining and constructing roads and highways; that in the time and manner provided by law the county board of supervisors appointed, for the year 1928, John H. Furry, a member of said board, as highway commissioner; that M. Fred Ruhter is the duly elected, qualified and acting supervisor of district No. 3, comprising the townships of Roseland, Cottonwood, Silver Lake, and Logan; that for the year 1928, and for a number of years previously, funds used for county highway and general road purposes have not been provided for by levy and taxation; that the only funds needed and used for such purposes have come from automobile licenses or registrations and in the manner provided by law; that at a regular meeting of the board of supervisors held on the 5th day of April, 1928, the board of supervisors appropriated $20,000 from the road dragging fund to the county highway budget for the year 1928, and divided this amount equally among said supervisor districts Nos. 1, 2, 3, and 4, and this amount was adopted and treated as the budget to cover all costs of construction and maintenance of the county highway system for the year 1928, and at this same session of the board instructed the county treasurer to transfer $16,800.71 in his possession from the road dragging fund to the highway fund, which was done by the treasurer, and this amount was to be used in equal portions in said supervisor districts Nos. 1, 2, 3, and 4; that on the 11th day of September, 1928, there remained in said county highway fund $1,600.22 of said portion distributed to said supervisor district of M. Fred Ruhter; that immediately previous to said date the said supervisor, M. Fred Ruhter, prepared and filed his duly itemized, certified claim against said county for $138.90, $105 of which was

for 21 days superintending road work in the various townships of his district, and $33.90 for mileage at the rate of 10 cents a mile, and all of which labor was performed and miles driven under the appointment, order and direction of the said John H. Furry, highway commissioner; that on said date, September 11, 1928, at a regular session of said board of supervisors, the above claim was duly audited and allowed and a warrant ordered issued for its payment; that the claimant, M. Fred Ruhter, had received as a member of the county board of Adams county, Nebraska, during the year 1928, up to the 11th day of September, 1928, from the funds of Adams county, Nebraska, the sum of $1,134.60, of which amount $561.90 was paid from the county highway road fund, $473.90 from the county general fund, and $98.80 from the county road dragging fund, being for both *per diem* and mileage as a member of the county board in attending the meetings and business of the board, and for necessary services in maintaining and supervising the roads and bridges in his district, together with mileage.

Section 2389, Comp. St. 1922, fixes the compensation for members of the county board. Each party to this controversy insists that said section supports his claim. Said section is as follows:

"Members of county boards shall each be allowed for the time they shall be necessarily employed in the duties of that office the sum of five dollars per day and ten cents per mile to be paid out of the general county fund: Provided, however, in counties having over one hundred thousand inhabitants, members of the county board shall devote each and every day to the duties of the office and shall be allowed a salary of twenty-five hundred dollars per annum as compensation in full for their services: Provided, further, in counties having over sixty thousand inhabitants and less than one hundred thousand inhabitants, members of the county boards shall be allowed a salary of twenty-one hundred dollars per annum as compensation in full for their services: Provided, further, the total maximum amount of compensation, including mileage and *per diem*

to be paid or drawn by any member of the board, *except as hereinafter provided,* shall not exceed the following amounts per annum; in counties under township organization having twenty-five thousand inhabitants and less than sixty thousand inhabitants, nine hundred fifty dollars; in similar counties not under township organization, fifteen hundred dollars; in counties under township organization, and having over thirteen thousand and less than twenty-five thousand inhabitants, eight hundred dollars; in similar counties not under township organization thirteen hundred dollars: *Provided, however, that in counties not under township organization where said county contains an area of not less than two thousand square miles of territory and also contains a population of over fifteen thousand inhabitants and less than twenty-five thousand inhabitants the total maximum amount of compensation, including mileage and per diem to be paid or drawn by any member of such board, shall not exceed the sum of fifteen hundred dollars per annum;* in counties under township organization having less than thirteen thousand inhabitants, six hundred dollars; in similar counties not under township organization, nine hundred fifty dollars: Provided, further, that for each day actually employed in directing road work in his district each member of the county board shall be paid the sum of five dollars per day to be paid out of the road fund of his district."

Appellee contends that the words "except as hereinafter provided" refer to the portion of the section which we have italicized, and that therefore the $950 per annum limitation for salary to each member of the board in counties having the population of Adams county is an absolute limitation and is the total maximum which members of the board in such counties may draw as compensation and mileage. Appellant on the other hand contends that the words "except as hereinafter provided" refer to the final proviso of section 2389, and that therefore, in addition to the $950, each member of the board is entitled to $5 a day, and mileage, to be paid out of the road fund of his district for each day he is actually employed in directing the road work of his district.

The history of this section throws very little light on its present meaning. It was originally enacted in 1866. Rev. St. 1866, ch. 19, sec. 22. It has been amended a number of times since that date, but the words "except as hereinafter provided" and the two provisions we are dealing with were both introduced at the same time, in the year 1915. Laws 1915, ch. 40. The amendment immediately preceding was in 1913. Laws 1913, ch. 196. However, the 1913 amendment did not contain the words "except as hereinafter provided," nor the italicized provision, nor the final provision. All of these were introduced in the 1915 amendment. The section was afterwards amended to its present form in 1919 (Laws 1919, ch. 68) but the changes were not such as to throw any light upon the present meaning of that section.

Turning then to an examination of the section, it will be noted that the words "except as hereinafter provided" are placed in the opening part of that part of section 2389 which provides the total maximum amount of compensation including mileage and *per diem* to be paid or drawn by any member of the board. It would seem therefore that the legislature intended to refer to an exception or proviso which permitted the member to draw more than the total maximum referred to. It will also be noted that the proviso above italicized does not have reference to all of the counties wherein the total maximum amount of compensation is fixed, but only to counties under township organization where said county contains an area of not less than 2,000 square miles of territory and also contains a population of over 15,000 inhabitants and not less than 25,000 inhabitants. Apparently then said italicized proviso has reference only and is an exception to the second class of counties referred to; that is, counties having over 13,000 and less than 25,000 inhabitants, or counties not under township organization having an area of not less than 2,000 square miles and also a population of over 15,000 and less than 25,000 inhabitants. It would not have been necessary to use the introductory exception, "except as hereinafter provided," with regard to this italicized proviso, and if said

words were intended to refer to the italicized proviso they would have been used in the part of the section which refers to the second class of counties having over 13,000 and less than 25,000 inhabitants. The words "except as hereinafter provided" may refer to both provisos which follow in the same section, but it would be giving them a very strained and unnatural interpretation to hold that they refer to the italicized part of the section only and not to the final proviso. Furthermore, the wording of the whole section indicates that the final proviso refers to additional compensation over and above the $950 limitation. It is in fixing the total maximum that the words "except as hereinafter provided" are used. And the final proviso does not refer to the work of the member while employed in the duties of that office, but refers to separate individual work of the member; that is, work while actually employed in directing road work in his district. And this is also a class of work where it would be difficult to make a reasonable limitation because there might be instances such as unusual floods in a district containing a great many creeks, draws and so forth where a much greater amount of work than ordinary would be required.

We conclude, therefore, and hold that, in addition to the $950 per annum that each supervisor is entitled to, he is also entitled to $5 a day for each day actually employed in directing road work in his district, to be paid out of the road fund of his district.

Appellant claims that he is entitled to mileage in addition to said $5 a day for directing road work under the provisions of section 2389 and section 951, Comp. St. 1922, as amended by chapter 44, Laws 1923. The only reference to mileage in section 951 is the last sentence of the section which is as follows: "The supervisors shall receive the same compensation for their services, and mileage as now provided for, for county commissioners, except in counties over seventy thousand inhabitants, where their salaries shall be fixed by law." Section 951 provides for the expenditure of district road money by the county supervisors. The sentence just quoted makes the same provision for the

compensation and mileage of supervisors as is made for county commissioners. The only section that fixes the compensation and mileage of both supervisors and commissioners is section 2389. Section 951, as amended, makes no specific provision, but refers to compensation and mileage "now provided for," and evidently refers to section 2389, since it is the only provision of law fixing compensation and mileage. But section 2389 does not allow mileage while either the commissioner or supervisor is directing road work. Section 951, in our judgment, adds nothing to appellant's claim for mileage for the reasons just stated. There is then in the statute no specific provision for mileage and therefore none can be allowed. *Gosso v. Riddell,* 123 Or. 57; *State v. Haner,* 123 Or. 301. The court cannot amend the statute by construction (*Chicago, B. & Q. R. Co. v. Amack,* 112 Neb. 437) ; nor alter it on the theory that the legislature made a mistake (*State v. Marsh,* 108 Neb. 267) ; nor ingraft an exception on a statute by construction (*Schmidt v. City of Fremont,* 70 Neb. 557).

Appellee further contends that, even though appellant might be allowed compensation under section 2389 in addition to the $950, it must be from the road fund of his district, and that there is in Adams county no fund of that description out of which appellant can be paid. We think that this contention is good.

The case was tried on a stipulation of facts, and the stipulation provides that at no time in 1928 did Adams county set aside, create or maintain any separate district road fund for any particular district in Adams county, but that the road fund is maintained as one fund, known as the county highway fund, and said county highway fund is not and has not been during the year 1928 the proceeds of taxes levied upon the property of the county from the various districts within the county, but that said fund has been provided from money collected for automobile licenses within said county, and at the regular meeting of the board, held on April 5, 1928, a motion was made to appropriate $20,000 from the road dragging fund to the county highway budget to be divided equally among su-

pervisor districts Nos. 1, 2, 3, and 4, respectively, in the amount of $5,000 to each named district, and that later a resolution was passed directing the county treasurer to transfer $16,800.71 from the road dragging fund to the county highway fund, and that said transfer was so made. We think the appellant is right in claiming that the fund from which appellant may be paid need not bear any particular designation and that he may be paid out of the road fund of his district whether it be called a road fund or a highway fund or any other name. It is sufficient if it is a fund legally set aside to be used under his direction for the improvement of roads within his supervisor district. Nevertheless an analysis of section 8339, as amended by section 4, ch. 158, Laws 1925, and section 951, as amended by chapter 44, Laws 1923, indicates that the fund in question, derived as stated in the stipulation from automobile licenses and registration fees, cannot be assigned to the different supervisor's districts for the purpose in question, and since there is no other fund for such purpose provided in Adams county there is no fund out of which the appellant can be paid. Let us now proceed to an analysis of the sections in question.

Section 8339, as amended, provides that "any unexpended balance in the road dragging fund may be used for road construction." Road construction would, we think, include the directing referred to in the final proviso of section 2389. However, section 951, as amended, provides as follows:

"The board shall meet at such times and in such manner as provided by law. Each supervisor shall have special charge of the expenditure of money appropriated out of the county treasury by the board for roads, bridges and culverts within his district, except in city districts, when the board shall direct as to which one of the supervisors shall supervise the expenditure of the money appropriated as aforesaid. Said money so appropriated shall not include any money paid as automobile or motor vehicle registration or license fees and shall not be distributed by said board to the individual members thereof to be by them

personally paid out upon their own private account nor in any manner whatever; but shall remain in the county treasury until a claim or claims for labor performed shall be properly verified, approved by said supervisor, filed with the county clerk, allowed by the county board, and a warrant drawn therefor. The supervisors shall receive the same compensation for their services, and mileage as now provided for, for county commissioners, except in counties over seventy thousand inhabitants, where their salaries shall be fixed by law."

The stipulation states in one place that the fund in Adams county in 1928 which is now sought to be used to pay appellant's claim has been provided from money collected for automobile licenses within said county, and in another place it says that said fund has "not been provided for by levy and taxation; that the only funds needed and used for such purposes have come from automobile licenses or registrations and in the manner provided by law." Appellant in his brief also refers to this money as having been derived exclusively from motor vehicle registrations, and therefore we would not be justified in construing the words of the stipulation "and in the manner provided by law" as referring to the gasoline tax or other sources from which this fund might have come. There is nothing inconsistent between the provisions of section 951, as amended, and section 8339, as amended. In other words, the unexpended balance referred to in section 8339 may be used for road construction, which would undoubtedly include directing and supervising, but it cannot be apportioned to the different supervisor districts under section 951, as amended. The fund referred to in section 2389 as "the road fund of his district" could be used in payment of appellant's claim, if it came from sources which are not prohibited by section 951, as amended. But, inasmuch as the only money set aside as a road fund of appellant's district came from automobile and motor vehicle registration and license fees, there is no road fund in his district out of which his claim can be paid. It is not necessary to decide in this state of the record whether or not

"the road fund of his district" may come from the road tax referred to in section 2630, Comp. St. 1922, because the stipulation is that no such tax was levied in Adams county either in 1928 or for several years prior thereto. Other sections of the statute also permit a levy for road purposes. See section 5979, Comp. St. 1922, and section 5979, as amended by chapter 176, Laws 1927. It is unnecessary to analyze these sections, but it is sufficient to say that under one or the other of them the county board of Adams county could probably have levied a tax and the money so raised could probably have legally been appropriated as to the supervisor district Mr. Ruhter represented and could have been applied in payment of his claim. However, the board did not see fit to provide any money which can be properly appropriated to his district and legitimately applied to the payment of Mr. Ruhter's claim.

In addition to moneys from automobile licenses and registrations, certain moneys collected from the gasoline tax are appropriated to the road dragging fund, and there is no prohibition against such moneys being used by the supervisors under the provisions of section 951 as amended. However, it appears from the stipulation that none of the fund in question came from such source.

For the reasons above stated, the judgment of the district court is right and it is hereby

AFFIRMED.